UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SHEDRICK BOWES-NORTHERN,

Plaintiff,

v.

CAUSE NO.: 2:21-CV-287-TLS-JPK

LATESHA MILLER, GARY GERMANN,
*Porter County Prosecutor*, JESSICA A.
BAILEY, *Porter County Clerk of the Courts*,
PORTER COUNTY, and DARIUS WOODS,

Defendants.

**OPINION AND ORDER**

Shedrick Bowes-Northern, a Plaintiff proceeding without counsel, filed a Complaint

[ECF No. 1] in the Southern District of Indiana against Porter County Superior Court, Porter

County Prosecutors, and Latesha Miller on August 24, 2021. He also filed a Request to Proceed

in District Court Without Prepaying the Filing Fee [ECF No. 2]. On September 7, 2021, the

Plaintiff filed an Amended Complaint [ECF No. 5], which named Latesha Miller, Gary Germann

(the Porter County Prosecutor), Jessica Bailey (the Porter County Clerk of the Courts), and

Darius Woods as the Defendants. The case was transferred to this Court on September 15, 2021.

*See* ECF Nos. 7–9. For the reasons set forth below, the Plaintiff's Request to proceed in forma

pauperis is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C.

§ 1915(e)(2)(B), and the Plaintiff is GRANTED additional time to amend his Complaint,

accompanied either by the statutory filing fee or another motion to proceed in forma pauperis. If

Plaintiff fails to amend his Complaint within the time allowed, the Clerk of Court will be

directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). The Plaintiff's motion establishes that he is unable to prepay the filing fee.

Under the second inquiry, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the Plaintiff's Complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Plaintiff's Complaint arises out of an ongoing dispute he has with Latesha Miller, the mother of his daughter. The Plaintiff alleges that in early June 2020, Ms. Miller lied about the Plaintiff to his mother and Porter County Sheriff's officers, as well as harassed and threatened the Plaintiff. Am. Compl. 7, ¶¶ 1–2, ECF No. 5. As a result of these actions, the Plaintiff sought a protection order in the Porter County Superior Court. *Id.* at 7, ¶¶ 1, 3. On June 24, 2020, the Plaintiff was granted a two-year protection order, which prohibited Ms. Miller from, among other things, "harassing, annoying, telephoning, contacting, or directly or indirectly communicating" with the Plaintiff, except "[a]s it relates to parenting time issues." Order for Protection 4, ECF No. 1-1; Am. Compl. 7, ¶¶ 4, 4.A. The Porter County order further provided that Ms. Miller should obey the court order issued in Illinois state court under cause number 2018D79030. Order for Protection 6; Am. Compl. 7, ¶ 4.B. The Illinois court order seems to be related to parenting rights regarding their child. *See* Am. Compl. 8, ¶ 6.

On July 2, 2020, while the Plaintiff was on the phone with his daughter, Ms. Miller got on the phone and told the Plaintiff he was not going to see his daughter on July 4th, said that she did not care about the Illinois or Porter County court orders, and threatened the Plaintiff by indicating that she would send her boyfriend, Darius Woods, to harm him. *Id.* at 7–8, ¶ 4.C.

3

Afterwards, the Plaintiff filed a report with the Porter County Sheriff's Department against Ms. Miller, Mr. Woods, and Ms. Miller's sister, and sought another protection order from the Porter County Superior Court. *Id.* at 8, ¶ 5. The Plaintiff received a two-year protection order against Mr. Woods. *Id.*

From July 2020 through May 2021, Latesha Miller violated both the Illinois court order and the Porter County protection order numerous times by failing to show up with their daughter at the court-ordered pick-up and drop-off location. *Id.* at 8–12, ¶¶ 6–14, 17–21. When the Plaintiff tried to contact Ms. Miller on the phone, she would not respond. *Id.* at 10–12, ¶¶ 12–13, 20. The Plaintiff reported Ms. Miller to the Markham Police Department when she failed to show up. *Id.* at 8–12, ¶¶ 6–14, 17–21. He also filed a motion with the Illinois courts about Ms. Miller's conduct, which went unanswered. *Id.* at 11, ¶ 15.

The Plaintiff states that he sought assistance from the Cook County State's Attorney and the Porter County Prosecutor, Gary Germann. *See id.* at 9–11, ¶¶ 11, 16. On September 25, 2020, after receiving a summons related to Ms. Miller from a Markham police officer, the Plaintiff took that summons to the Office of the Cook County State's Attorney. *Id.* at 9–10, ¶ 11. Someone from the office told him that there was nothing the office could do, and that Ms. Miller could only be charged for interfering with a court order once she was issued a ticket. *Id.* On February 25, 2021, the Plaintiff emailed Mr. Germann about Ms. Miller's violations of the protection order. *Id.* at 11, ¶ 16. Mr. Germann responded that he did not believe the protection order was violated because there had to be notice of the order before an incident could give rise to a criminal charge. *Id.* Ultimately, the Plaintiff claims that the Cook County State's Attorney and Mr. Germann violated his civil rights.[1] *Id.* at 9–11, ¶¶ 11, 16

---

[1] The Plaintiff did not name anyone from the Office of the Cook County State's Attorney as a Defendant.

The Plaintiff filed suit against (1) Gary Germann, the Porter County Prosecutor, in his official capacity; (2) Jessica Bailey, the Porter County Clerk of the Courts, in her official capacity; (3) Porter County, in its official capacity; (4) Latesha Miller, in her individual capacity; and (5) Darius Woods, in his individual capacity. *Id.* at 3–4. The Plaintiff filed suit under 42 U.S.C. § 1983 and identified the First Amendment, Eighth Amendment, Fourteenth Amendment, and tort law as the underlying constitutional and statutory violations. *Id.* at 2. The Plaintiff seeks compensation and punitive damages for harms he suffered including, among other things, emotional distress, anxiety, and depression. *Id.* at 12–13. He has not sought any injunctive relief.

Beginning with the Plaintiff's claims against Mr. Germann in his official capacity as Porter County Prosecutor, they will be dismissed because Mr. Germann is immune from a § 1983 suit for damages. "Section 1983 imposes liability on '[e]very person who, under color of any . . . State [law]' violates the federal rights of another." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quoting 42 U.S.C. § 1983)). It does not, however, impose liability on states because such actions are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). This immunity extends to suits against state officials in their official capacity because "it is no different from a suit against the State itself." *Id.* at 71. When determining whether a person is a state official for § 1983 purposes, the court considers "the state laws creating the official's position, as well as the state laws governing the official's actions, state-court decisions, and the financial interdependence between the official and the state." *Cummings*, 998 F.3d at 786 (citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994)). In *Cummings*, the Seventh Circuit determined that, under Indiana law, a county prosecutor is a state official who is immune

from a suit brought under § 1983. *See id.* at 786–87. Thus, the Plaintiff's claims against Mr. Germann in his official capacity will be dismissed.

Similarly, the claims against Jessica Bailey in her official capacity as the Porter County Clerk of the Courts will also be dismissed on immunity grounds. Like county prosecutors, county court clerks are considered state officials in Indiana. *Childers v. City of Portage*, No. 2:13-CV-93, 2014 WL 1116887, at \*6 (N.D. Ind. Mar. 19, 2014) (citing *State ex rel. McClure v. Marion Superior Court, Room No. 1*, 158 N.E.2d 264, 269 (Ind. 1959)). This is because county courts "are exclusively units of the judicial branch of the state's constitutional system and as such are not units of county government." *J.A.W. v. State*, 650 N.E.2d 1142, 1150 (Ind. Ct. App. 1995), *rev'd on other grounds*, 687 N.E.2d 1202 (Ind. 1997); *see Woods v. City of Michigan City*, 940 F.2d 275, 279 (7th Cir. 1991). As an officer of the courts, Ms. Bailey is considered a state official when she is sued in her official capacity as opposed to a county official who might be liable for damages under § 1983. *See Parsons v. Bourff*, 739 F. Supp. 1266, 1267 (S.D. Ind. 1989) ("[A] circuit court clerk is a judicial officer whose duties are tied to the court, rather than one who performs functions of government for the county of a political or civil character. Therefore, the clerk is as much an arm of the state as is the court." (citation omitted)). The claims against Ms. Bailey in her official capacity will be dismissed.

Next, the Plaintiff has failed to state a § 1983 claim against Porter County. To hold Porter County liable under § 1983, the Plaintiff must show that a constitutional violation was "caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with 'final policymaking authority.'" *Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011) (quoting *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009)); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Here, the Plaintiff has not alleged any action that is attributable to Porter County nor has he identified a policy or custom that would form the basis for municipal liability. The Plaintiff might have included Porter County as a Defendant because he named the county prosecutor and the county court clerk as Defendants. But, as discussed, Mr. Germann and Ms. Bailey are not county officials and their actions will not be imputed to Porter County. *See Holland v. City of Gary*, No. 2:10-CV-454, 2011 WL 6782101, at \*4 (N.D. Ind. Dec. 27, 2011) ("'The city . . . cannot be held liable under § 1983' for the acts of the judges, employees of the clerks office, or the prosecuting attorneys, because they are not final policymakers for the City of Gary." (quoting *Woods*, 940 F.2d at 279)). Therefore, the claims against Porter County will be dismissed.

Finally, the claims against Ms. Miller and Mr. Woods will be dismissed because they cannot be held liable under § 1983 for the conduct alleged. Section 1983 is meant "to deter state actors, and private individuals in collaboration with state officials, from using a 'badge of authority' to deprive individuals of rights guaranteed by the Constitution." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). For private individuals to act under color of state law, they "must have 'had a meeting of the minds and thus reached an understanding' with a state actor to deny plaintiffs a constitutional right." *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). Section 1983 does not extend to "private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The Plaintiff's allegations reveal nothing more than private conduct on behalf of Ms. Miller and Mr. Woods. There is no indication that those Defendants have coordinated with state actors such that they could be held liable under § 1983 for any actions taken against the Plaintiff.

Furthermore, the Plaintiff's allegations—particularly those related to Ms. Miller—raise concerns regarding this Court's jurisdiction. Federal subject matter jurisdiction is limited by the "domestic relations" exception, which prevents federal courts from issuing "divorce and alimony decrees and child custody orders." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court.").

The primary allegations in the Plaintiff's Complaint are that Ms. Miller has, on numerous occasions, failed to show up at the pick-up and drop-off location with their daughter and has prevented the Plaintiff from seeing his daughter for months. It seems that in assessing these claims, the Court would need to determine issues of child custody, which is specifically reserved to the Illinois state court under the domestic relations exception. *See Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) (declining jurisdiction because if the court adjudicated the request for damages, it would also need to assess the proper allocation of domestic assets); *Ali v. Loyola Cmty. L. Ctr.*, No. 3:21-CV-107, 2021 WL 633105, at *1 (N.D. Ind. Feb. 17, 2021) (dismissing the complaint that includes various claims arising "out of a guardian dispute"); *see also Allen v. Allen*, 48 F.3d 259, 262 (7th Cir. 1995) (dismissing the plaintiff's "amorphous constitutional claims" because they were "inextricably intertwined" with the matters falling under the domestic relations exception (citation omitted)). Indeed, the Court previously dismissed two of the Plaintiff's cases asserting similar allegations based on the same exception. *See Bowes-Northern v. Scott*, No. 2:21-CV-88-PPS, 2021 WL 929667, at *1–2 (N.D. Ind. Mar. 11, 2021); *Bowes-Northern v. Miller*, No. 2:21-CV-85-PPS, slip op. at 2–3 (N.D. Ind. Mar. 11,

8

2021) (ECF No. 3). Therefore, regardless of the other issues regarding the Plaintiff's claims for relief, his allegations largely fall outside of the Court's jurisdiction.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court grants the Plaintiff until January 3, 2022, to file a second amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as a fee-paying plaintiff). Any second amended complaint must cure the deficiencies identified in this Opinion. Along with a second amended complaint, Plaintiff must also file a new motion to proceed in forma pauperis. If Plaintiff does not file a second amended complaint by January 3, 2022, the Court will direct the Clerk of Court to close this case.

### CONCLUSION

Based on the foregoing, the Court DENIES the Plaintiff's Request to Proceed in District Court Without Prepaying the Filing Fee [ECF No. 2] and DISMISSES without prejudice the Amended Complaint [ECF No. 5] pursuant to 28 U.S.C. § 1915(e)(2)(B). The Plaintiff is granted up to and including January 3, 2022, to file a second amended complaint as well as either a new motion to proceed in forma pauperis or the filing fee. The Plaintiff is cautioned that, if he does not respond by the January 3, 2022 deadline, the Court will direct the Clerk of Court to close this case without further notice.[2]

SO ORDERED on December 3, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] The Court notes that Plaintiff Shedrick Bowes-Northern has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:21-CV-85-PPS; 2:21-CV-88-PPS; 2:21-CV-195-TLS; 2:21-CV-329-PPS; 2:21-CV-331-TLS; 3:21-CV-803-JD.